UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>LL ROSEVILLE, L.P., a Delaware Limited Partnership,<br><br>    Defendant. | No. 2:20-cv-02160-TLN-DB<br><br><br>**ORDER** |

   This matter is before the Court on Defendant LL Roseville, L.P.'s ("Defendant") Motion for Judgment on the Pleadings.  (ECF No. 8.)  Plaintiff Orlando Garcia ("Plaintiff") filed an opposition (ECF No. 10), and Defendant replied (ECF No. 12).  For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's alleged inability to assess whether a given hotel or guest room on Defendant's website would meet his accessibility needs.  Plaintiff suffers from cerebral palsy, has the use of only one arm, and uses a wheelchair, walker, or cane for mobility. (ECF No. 1 at 1.)  Defendant owns and operates the Larkspur Landing Roseville in Roseville, California (the "Hotel").  (*Id.*)  Plaintiff planned on making a trip in December of 2020 to the Sacramento area and he chose the Hotel for lodging.  (*Id.* at 4.)  On October 20, 2020, Plaintiff went to the Hotel's website at https://www.larkspurhotels.com/roseville/ to book an accessible room.  (*Id.*)  Plaintiff alleges there was little information about the accessibility of the rooms and that the descriptions available (such as "Grab bars in bathtub/shower," "Raised toilet," "Separate accessible vanity," "Roll-in shower," and "Accessible parking, a full access ramp, and accessible public spaces") were vague and conclusory.  (*Id.*)  As examples, Plaintiff alleges there are no details about the floor space next to the beds, accessibility of the table/desk, or accessibility of the toilet.  (*Id.*)  Plaintiff states he would like to patronize the Hotel but is deterred from doing so due to the lack of detailed information within the reservation system.  (*Id.* at 5.)

On October 28, 2020, Plaintiff filed this action alleging Defendant violated the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act").  (*Id.* at 5–7.)  Defendant filed the instant motion for judgment on the pleadings on May 23, 2021.  (ECF No. 8.)

### II.     STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The issue presented by a Rule 12(c) motion is substantially the same as that posed in a Rule 12(b)(6) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief.  *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011).  Thus, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a Rule 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose* (*Chunie*), 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010).  A district court may "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.  *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

### III.  ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint in its entirety because the website at issue complies with the ADA's "Reservations Rule."[1]  (ECF No. 8-1 at 9.)

#### A.    Regulatory Framework

Title III of the ADA provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

---

[1]    Defendant requests the Court take judicial notice of four exhibits.  (*See* RJN, Exs. 1-4.) The Court DENIES the Defendant's request for judicial notice as to Exhibit 3 to the extent Defendant cites Plaintiff's prior litigation history as a basis for scrutinizing the validity of Plaintiff's current claim.  *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).  As to the list of features on page 3 of Defendant's motion, Plaintiff correctly points out that Defendant did not provide a screenshot of that website as an exhibit to the motion, as it did with other parts of the website.  (*See* ECF 8-2.)  Defendant acknowledges it inadvertently omitted this screenshot from its list of exhibits and states it attached the screenshot to the reply, but it appears Defendant again failed to provide the exhibit.  (*See* ECF No. 12.)  Therefore, the Court DENIES Defendant's request as to the list of features on page 3 of its motion.  With respect to the remaining exhibits, the Court GRANTS the request for judicial notice.  These consist of documents that are within the public record as they have been filed with other courts and screenshots from the website that is publicly accessible and referenced in the Complaint.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a). Moreover, individuals with disabilities must be "afforded reasonable modifications" by public accommodations such as hotels to the "policies, practices, and procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities."  *Id.* § 12182(b)(2)(A)(ii).  The ADA delegates rulemaking authority to the Department of Justice ("DOJ"), which must "issue regulations . . . to carry out the provisions of" Title III relating to hotel accommodations.  *Id.* § 12186(b).

This case concerns the "Reservations Rule" which requires hotels to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."  28 C.F.R. § 36.302(e)(1)(ii).  In 2010, the DOJ provided further guidance about how hotels may comply with the regulations.  *See* 28 C.F.R. Pt. 36, App. A.  The DOJ guidance indicates that older hotels built before the ADA Standards came into effect should specify features that do not comply with the 1991 Standards.  *Id.*  As to newer hotels built in compliance with the 1991 Standards, "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices)."  *Id.*  The DOJ guidance also state that in each case, hotels should make trained staff available to answer questions about accessibility features and provide guests more detailed information.  *Id.*  The Ninth Circuit recently held that courts should afford the DOJ guidance "controlling weight."  *Love v. Marriott Hotel Servs., Inc.*, 40 F.4th 1043, 1048 (9th Cir. 2022).

### B.    Defendant's Website

Plaintiff argues that the descriptions of accessibility features provided by Defendant's website are inadequate because they do not provide sufficient detail of the clearance on the sides of the beds, the accessibility of the desk/table, and the accessibility of the toilet. (ECF No. 1 at 4–

4

5.)  In moving to dismiss, Defendant argues the website provides more accessibility information than is required by the Reservations Rule and that the DOJ guidance does not require the level of specificity demanded by the Plaintiff.  (ECF No. 8 at 6, 12.)

The Ninth Circuit's recent decision in *Love* supports Defendant's argument and likely forecloses Plaintiff's claims.  In *Love*, the Ninth Circuit affirmed dismissal of a plaintiff's ADA claim in a substantially similar case.  *See* 40 F.4th 1043.  The plaintiff in *Love* used a wheelchair and alleged "he needed to know whether there was at least 30 inches of maneuvering space beside the bed, whether the sink and mirror had enough clearance to be used from a wheelchair, whether there were grab bars mounted near the toilet and shower, whether the shower had a seat and detachable hand-held wand, and whether the heights of the toilet and bathing facilities were appropriate."  *Id.* at 1045.  As in the instant case, the plaintiff alleged the hotel's failure to post this information on its website violated the Reservations Rule.  *Id.*  The district court granted the hotel's motion to dismiss, finding that the website complied with DOJ guidance and satisfied the Reservations Rule.  *Id.*

In affirming dismissal, the Ninth Circuit concluded that the hotel's website complied with the Reservations Rule because it specified the hotel was "accessible" (which the court deemed a term of art that signaled compliance with the ADA and its regulations) and listed accessible features in certain guest rooms.  *Id.* at 1048–1049.  The website also described the accessible guestrooms with information about (1) "the general type of room"; (2) "the size and number of beds"; (3) "the type of accessible bathing facility"; and (4) "communications features available in the room" in accordance with the DOJ guidance.  *Id.*  The court in *Love* found that the hotel's website satisfied the Reservations Rule without the level of detail requested by the plaintiff.

In the instant case, Plaintiff's Complaint is not entirely clear about what information is lacking from Defendant's website.  Plaintiff alleges the information on the Hotel's website is "vague and conclusory," and he further mentions lack of information about clear floor space, toilet accessibility, and table/desk accessibility.  (ECF No. 1 at 4–5.)  However, Defendant's website describes specific individual suites as "wheelchair-accessible" and lists multiple features of the rooms in detail.  (ECF No. 8-2 at 7.)  For instance, the website states that the accessible

suites have grab bars in the bathtub/shower, raised toilets, separate accessible vanities, and the executive suite has a roll-in shower.  (*Id.*)  Although Defendant failed to include a screenshot of the accessibility features page of the Hotel's website, Plaintiff's own allegations indicate the website states the Hotel has "accessible public spaces" and indicates it has rooms that are "wheelchair accessible."  (ECF No. 1 at 4.)  Defendant is not required to provide exact measurements to show compliance with the ADA, and its use of the word "accessible" signifies compliance with the ADA and its regulations.  *See Love*, 40 F.4th at 1049.  Based on *Love* and Plaintiff's very limited allegations, the Court concludes Defendant's website complies with the Reservations Rule as to those issues Plaintiff raises in the Complaint.

As such, the Court GRANTS Defendant's motion to dismiss the ADA claim.  In addition, Plaintiff's Unruh Act claim is predicated on his ADA claim.  (ECF No. 1 at 7.)  Because the Court has dismissed the ADA claim, Plaintiff's derivative Unruh Act claim also fails.  Moreover, to the extent Plaintiff cannot plead a viable ADA claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  Accordingly, the Court GRANTS Defendant's motion to dismiss the Unruh Act claim with leave to amend.  Lastly, while the Court has serious doubts as to Plaintiff's ability to plead a viable ADA claim, the Court will give Plaintiff an opportunity to amend.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings with leave to amend.  (ECF No. 8.)  Plaintiff may file an amended complaint not later than thirty (30) days of the electronic filing date of this Order.  Defendant shall file a responsive pleading not later than twenty-one (21) days thereafter.  If Plaintiff does not file an amended complaint, the Court will dismiss this action and close the case.

IT IS SO ORDERED.

**DATED:  September 21, 2022**

Troy L. Nunley
United States District Judge